IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| THOMAS F. ELLIOTT, JR., ) | CASE NO. 07-80008-WRS |
| ) | |
| Debtor. ) | CHAPTER 13 |
| _____ ) | |
| THOMAS F. ELLIOTT, JR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CASE NO. 3:10-CV-1041-WKW |
| ) | |
| CURTIS C. REDING, ) | |
| ) | |
| Trustee & Appellee. ) | |

## **MEMORANDUM OPINION AND ORDER**

This case is before the court on Thomas F. Elliott, Jr.'s ("Mr. Elliott" or "Debtor") *pro se* appeal from the United States Bankruptcy Court for the Middle District of Alabama's order dismissing the Chapter 13 bankruptcy plan of Mr. Elliott. The issue presented is whether the bankruptcy court abused its discretion in dismissing Mr. Elliott's plan due to a default by Mr. Elliott in payments under the confirmed Chapter 13 plan. Having considered the parties' briefs, the relevant law and the record as designated, the court finds that the bankruptcy court's order dismissing the Debtor's plan is due to be affirmed.

## I.  JURISDICTION

This is a core proceeding over which appellate jurisdiction may be exercised.  *See* 28 U.S.C. § 158(a).  Venue is proper because an appeal "shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."  *Id.*

## II.  STANDARD OF REVIEW

"Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard."  *In re Club Assocs.*, 951 F.2d 1223, 1228 (11th Cir. 1992).  In contrast to the deference given to factual findings, the district court examines the bankruptcy court's legal conclusions *de novo*.  *In re Celotex Corp.*, 613 F.3d 1318, 1322 (11th Cir. 2010).

## III.  FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2007, Mr. Elliott filed for relief pursuant to Chapter 13, Title 11.  After the Debtor's original proposed plan was objected to by the Chapter 13 trustee ("Trustee"), the Debtor's amended plan was confirmed on April 17, 2007.  (Appellant's Br. 6 (Doc. # 8).)  The amended plan provided for monthly payments of $720.00 to the trustee.  Mr. Elliott, however, immediately failed to meet the monthly payments, and on the basis of Mr. Elliott's poor pay record, the bankruptcy court modified the plan to increase the monthly payments and issued an income withholding order to the Debtor's employer.  The Debtor persisted in failing to meet the plan obligations, paying only partial amounts or, in some months, making no payments at all.  The trustee moved to dismiss the plan in October 2009, but the

bankruptcy court allowed hearings on the motion to dismiss to be continued a total of three times until February 2010.

In February 2010, the bankruptcy court again continued the motion to dismiss hearing on the basis of the Debtor's representations that the partial payments were the fault of his employer withholding the wrong amount[1] and that he was attempting to refinance his home mortgage to pay off the Chapter 13 plan.[2] During early 2010, the bankruptcy court continued to modify the plan, raising the monthly payments and setting the payments as biweekly. Despite the Debtor's continued inconsistent pay record, which featured only two total payments in a three-month period, the bankruptcy court continued the case twice more until September 2010, in an effort to permit Mr. Elliott to complete the alleged refinancing. The Debtor continued to make only half-payments until September 22, 2010, when the bankruptcy court informed Mr. Elliott that, because of his failure to make all payments due under the plan and his lack of progress with the refinancing, his plan was being dismissed. Mr. Elliott filed a motion to stop the dismissal, which the bankruptcy court denied, citing the Debtor's subpar pay record (in the forty percent range) and lack of credibility.

This timely appeal followed. The issue has been fully briefed by both parties.

---

[1] It later came to light that the Debtor had a pecuniary interest and a partial ownership share in the companies which sent checks pursuant to the income withholding order on behalf of his "employer." This discovery placed doubt in the mind of the trustee and bankruptcy court that it was truly the "employer" that was responsible for remitting the incorrect payment amounts.

[2] When the Debtor later produced proof of this claim, it was revealed that instead of a mortgage refinance, the Debtor was in fact negotiating a mortgage modification with Regions, which would not have allowed the cashing out of equity needed to pay off the plan. (Doc. # 5, Ex. 1.)

## IV.  DISCUSSION

Mr. Elliott's appeal seeks reinstatement of his Chapter 13 plan, which was dismissed by the bankruptcy court after six continuances and more than three years of incomplete payments by the Debtor.

The bankruptcy court's order to dismiss a Chapter 13 case is within the contemplation of 28 U.S.C. § 157(b)(2)(A).  While any default by a debtor under a Chapter 13 plan does not mandate dismissal, the bankruptcy court has discretion to dismiss a plan based on a debtor's failure to make a timely payment.  *See Matter of McDonald*, 118 F.3d 568, 569 (7th Cir. 1997).  Although a bankruptcy judge *may* excuse belated payments, the discretion to do so ultimately lies with that judge.  *Id.*  "Only unwillingness to consider claims of exceptional circumstances could be thought to show that the judge does not exercise discretion at all."  *Id.*

While the bankruptcy court's order dismissing the Debtor's plan states as the basis for default a failure to make plan payments, the order does not specify the statutory law upon which the default is predicated.  It is presumed that the bankruptcy court's order refers to 11 U.S.C. § 1307(c), which allows for dismissal resulting from a default.  It provides, in part, as follows:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . in the best interests of creditors and the estate, for cause, including
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> . . .
> (6) material default by the debtor with respect to a term of a confirmed plan[.]

11 U.S.C. § 1307(c)(1), (6). "[F]ailure to make the regular monthly payments to a creditor is ordinarily a material default under a confirmed Chapter 13 plan and gives rise to several possible remedies, including dismissal." *In re Gilpin*, 209 B.R. 490, 493 (Bankr. W.D. Mo. 1997).

Mr. Elliott's actions in the present dispute cannot escape classification as a default. At the time of the plan's dismissal, the Debtor's pay record was in the forty percent range. His payments were often not made at all, or were made in incorrect, smaller amounts than mandated by the plan. The bankruptcy court would have been well within its discretion to dismiss the plan after one missed payment, *see McDonald*, 118 F.3d at 569, and was certainly within such discretion in dismissing the plan after more than three years of inconsistent payments. Further, in granting Mr. Elliott nearly a year's worth of continuances to get his financial affairs in order, the bankruptcy judge allowed for a more gracious approach than was required.

Mr. Elliott's brief also presents a variety of issues that are wholly irrelevant to this present dispute. While Mr. Elliott's brief alleges a number of deficiencies in the structure of his plan, this appeal is not concerned with any modifications to the plan's payment structure or with regard to valuation of any of the Debtor's assets. Nor does this appeal concern any alleged shortcomings of Mr. Elliott's past counsel. The subject matter of what this appeal does concern, the discretion of the bankruptcy judge to dismiss his plan, is noticeably absent in the Debtor's brief.

Mr. Elliott's failure to pay under the plan has been well documented by the bankruptcy trustee, and the Debtor has provided nothing in response to diminish that fact. Mr. Elliott materially defaulted on the terms of his confirmed Chapter 13 plan, pursuant to § 1307(c), by failing to make the mandated payments. As a result, the bankruptcy court, after more than three years of failed payments by Mr. Elliott, had discretion to dismiss the Debtor's plan. Accordingly, the bankruptcy court's order is due to be affirmed.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that the order of the bankruptcy court is AFFIRMED.  A separate judgment will be entered.

DONE this 25th day of February, 2011.

>        /s/ W.  Keith Watkins
> UNITED STATES DISTRICT JUDGE